UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GENE KIRKLEY, CDCR #K-84395,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL BARER, LIBBY WILSON, CEO RANCHO LOS AMIGOS HOSPITAL,<br><br>Defendants. | Case No.: 22-cv-749-MMA (MSB)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>[Doc. No. 2] |

Lawrence Gene Kirkley ("Plaintiff"), a state inmate currently incarcerated at California State Prison, located Los Angeles County, California and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.  *See* 28 U.S.C. § 1914(a).[1]  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require that all prisoners who proceed IFP to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

      Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  In support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

Although Plaintiff has filed a Motion to Proceed IFP, he did not include a certified trust account statement. *See* Doc. No. 2. Because Plaintiff has neither paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, nor filed a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and/or 28 U.S.C. § 1915(a) and **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $402 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a). The Court **GRANTS** Plaintiff's Plaintiff sixty (60) days leave from the date this Order is filed to either: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a new Motion to Proceed IFP which includes a certified copy of his CDCR trust account statements for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b). The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis." If Plaintiff fails to either prepay the $402 civil filing fee or fully complete and submit the enclosed Motion to Proceed IFP within 60 days, this action will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**.

Dated: May 25, 2022

HON. MICHAEL M. ANELLO
United States District Judge